STATE OF NORTH CAROLINA EX REL. WILLIAM W. COBEY, JR., SECRETARY DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES v. VIVIAN ANNE SIMPSON

No. 913SC166

(Filed 7 January 1992)

**Waters and Watercourses § 7 (NCI3d)— violation of CAMA or DFA—restoration of coastal wetlands to predevelopment conditions—discretion of trial court**

A trial court is not required to order the restoration of coastal wetlands (marshlands) to predevelopment condition once the court has determined that there has been unpermitted development activities pursuant to the Coastal Area Management Act and the Dredge and Fill Act, since pursuant to N.C.G.S. § 113A-126(a) the Coastal Resource Commission, upon a violation of the CAMA or DFA, may seek injunctive relief to restrain the violation and for such other or further relief in the premises as the court shall deem proper.

**Am Jur 2d, Waters § 430.**

APPEAL by the State from judgment signed 21 September 1990 by *Judge Howard E. Manning, Jr.* in CARTERET County Superior Court. Heard in the Court of Appeals on 13 November 1991.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General J. Allen Jernigan, for the State.*

*Bennett, McConkey, Thompson & Marquardt, by Thomas S. Bennett, for appellee.*

LEWIS, Judge.

The issue in this case is whether a trial court must order the restoration of coastal wetlands (marshlands) to pre-development condition once the court has determined that there has been unpermitted development activities pursuant to the Coastal Area Management Act (CAMA), N.C.G.S. § 113A-100 *et seq.* (1983), and the Dredge and Fill Act (DFA). N.C.G.S. § 113-229 (1990).

Since 1945, the land now owned by defendant has had fill material deposited in the areas under consideration here. From 21 May 1984 through 17 September 1985, approximately 5,000 square

feet of coastal wetland on or adjacent to defendant's property was filled in without a state permit. An existing bulkhead was reconstructed and raised in height and a new retaining wall was constructed at a right angle to this bulkhead. The adjoining space was then filled with earthen materials. Defendant was served with a notice of violation of the CAMA and DFA by Natural Resources and Community Development (NRCD) personnel on 30 January 1986. This notice ordered her to cease the illegal filling and to restore the wetlands. The defendant was informed that a fine would be assessed for every day of noncompliance. After her refusal to comply, a follow-up notice of continuing violation was served.

On 11 June 1986, the NRCD instituted this action for a mandatory injunction to require removal of the retaining wall and the unpermitted fill materials and to restrain defendant from further violations. The State has not sought to collect the stated fines. On 24 September 1986, the court signed a preliminary prohibitory injunction, but denied a preliminary mandatory injunction. On interlocutory appeal, the Supreme Court ordered trial without a jury. *State ex rel. Rhodes v. Simpson*, 325 N.C. 514, 385 S.E.2d 329 (1989).

The trial court determined that the land in question was within an Area of Environmental Concern (AEC) designated by the Coastal Resource Commission (CRC). The court found defendant in violation of the CAMA and DFA for failing to obtain the required permit prior to developing an AEC. The trial court ordered defendant to remove one third of the length and one half of the height of the newly constructed retaining wall and to excavate the land fill which had been held intact by that part of the retaining wall to be removed. Defendant was permanently enjoined from further developing this land without the appropriate state permit. The court retained continued jurisdiction to ensure compliance with this order.

The State appeals the judgment and questions the trial court's authority to order any remedy short of full restoration of the wetlands. The State argues that once the trial court found the defendant in violation of the CAMA and the DFA that the court had no other option but to order full restoration. We do not agree. Our disagreement should not be interpreted to diminish the importance of the wetlands or the CRC's authority to promulgate rules to protect our natural resources from arbitrary destruction. We

STATE EX REL. COBEY v. SIMPSON

[105 N.C. App. 95 (1992)]

consider controlling the specific language of the statute which grants unrestricted discretion to the trial court to order such remedy as it sees fit. As our reading does not comport with the State's argument, we affirm the trial court's judgment.

In *Adams v. North Carolina Dept. of Natural and Economic Resources*, 295 N.C. 683, 249 S.E.2d 402 (1978), our Supreme Court affirmed the CRC's "authority to prepare and adopt State guidelines for the coastal area." *Id.* at 702, 249 S.E.2d 413. The CRC promulgated the following guideline which the State now seeks to enforce via a judicial decree:

> Any violation involving development which is inconsistent with guidelines for development within AEC's (i.e., wetland fill, . . .) *must be corrected by restoring the project site to predevelopment conditions* upon notice by the Commission or its delegate that restoration is necessary to recover lost resources, or to prevent further resource damage.

15A N.C. Admin. Code 7J.0410 (emphasis added). Though the CRC has the power to determine violations of the CAMA and DFA, it is not empowered to act upon these determinations without judicial intervention. The CAMA provides an appeal process by which disgruntled landowners may challenge the CRC's rulings. N.C.G.S. § 113-123 (1983). Further, the remedy which the CRC may pursue for violations of the guidelines requires judicial approval:

> Upon violation of any of the provisions of this Article or of any regulation, rule or order adopted under the authority of this Article the Secretary may, either before or after the institution of proceedings for the collection of any penalty imposed by this Article for such violation, institute a civil action in the General Court of Justice . . . for injunctive relief to restrain the violation and for *such other or further relief in the premises as said court shall deem proper.*

N.C.G.S. § 113A-126 (a) (1983) (emphasis added).

In essence, CAMA's enforcement provisions are in conflict with the CRC's guidelines. The agency is empowered to write a guideline which requires the restoration to pre-development condition, but is unable to compel this remedy in court. The legislature has created an ecological watchdog without the teeth necessary to protect its charge. CAMA's use of the phrase "such other relief as the court shall deem proper" clearly bestows virtually complete discretion

in the trial court to adjudicate the appropriate remedy for a CAMA violation. The agency may seek an injunction, but must convince the court that any further remedy is proper under the circumstances. As the courts have been the arbiters of last resort for centuries, the judicial discretion imbued here is an appropriate check upon what might otherwise be unlimited power in an unelected and potentially unresponsive governmental body.

The statute's specific grant of broad trial court discretion creates an abuse of discretion standard of appellate review. The expert and lay testimony as well as the judge's own assessment of the land from his on-site visit were considered. The trial court is in a better position than this Court to determine the credibility of the witnesses and the weight of the evidence so as to issue an appropriate remedy.

Upon review of the record we find no abuse of discretion and affirm. It is important to note that this ruling does not preclude the CRC's authority to assess civil penalties.

Affirmed.

Judges WELLS and WALKER concur.